Case 6:09-cv-00164-AA    Document 20    Filed 10/09/09    Page 1 of 9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHAD HATTEN,

        Petitioner,        Civil No. 09-164-AA

       v.                   ORDER

UNITED STATES OF AMERICA,

        Respondent.

AIKEN, District Judge.

    Petitioner, a federal inmate in the custody of the BOP, filed an "Appeal of Prison Disciplinary Hearing Results Pursuant to 28 U.S.C. § 2241" challenging a prison disciplinary sanction on the grounds of "substantial procedural violations, and complete lack of evidence against petitioner." Petition (#1) p. 4. Petitioner seeks the restoration of 13 days "good time" credit and expungement of the incident report from his record. Id.

    The incident giving rise to petitioner's claims occurred

1 - ORDER

on October 30, 2008, as petitioner was being escorted to the Special Housing Unit from another part of the Federal Correctional Institution at Terre Haute, Indiana. After petitioner allegedly attempted to "pull away" the escort officer "placed him on the ground to regain control." Exhibit 1, attachment 5 at p. 5. Petitioner, of course, describes the incident differently. See, Petitioner's Appeal (#1) p. 3.

Petitioner was subsequently transferred to FCI Sheridan. He arrived at FCI Sheridan on November 17, 2008, and an initial disciplinary hearing, referred to as a Unit Disciplinary Committee (UDC) hearing, was held on November 20, 2008. Petitioner was charged with a violation of Code 229, "Conduct Which Disrupts," to which he responded "I did not pull away from the officer. I looked at him and he took that as an aggressive nature and threw me to the ground.." Exhibit 1, Attachment 5, p. 6. The UDC recommended that if petitioner was found to have committed the prohibited act he be sanctioned to the loss of 27 days good conduct time and 14 days of disciplinary segregation suspended pending 180 days of clear conduct. The matter was referred to the Disciplinary Hearing Officer (DHO) for a hearing. Id.

Petitioner was given notice of the hearing and advised of his rights. Exhibit 1 Attachment 5, p. 1. Petitioner denied the charge and requested three witnesses to appear on his

2 - ORDER

behalf. Id., p. 2. DHO Cortez considered the necessity of the requested witnesses and conferred with Dr. Dianna Rupska, a psychologist and Drug Abuse Program Coordinator at FCC Terre Haute who was familiar with petitioner's mental state at the time in question. Id., p. 10. Dr. Rupska opined that petitioner was competent and should be held responsible for his actions. Id. DHO Cortez did not call the witnesses requested by petitioner. Id., p. 2.

On December 6, 2008, a DHO hearing was held. Exhibit 1, Attachment 5, p. 1. Petitioner appeared at the hearing and testified on his own behalf. The DHO considered petitioner's testimony as well as other documentary evidence including the Incident Report and Investigation, the memoranda from the escort officers involved in the incident and the e-mail from Dr. Rupska. Exhibit 1, Attachment 5, p. 3-4.

DHO Cortez found that petitioner had committed the prohibited act of "Conduct which disrupts Most Like: Refusing to Accept a Program Assignment," (sic) and sanctioned petitioner to 13 days disallowance of Good Time Conduct, 7 days of Disciplinary Segregation and 7 days of Disciplinary Segregation - Suspended Pending 180 days of Clear Conduct. Id.[1]

---

[1]Originally, the charge against petitioner was Conduct which disrupts the orderly running of the institution, in violation of Code 229. Upon review, DHO Cortez found that the charge should be

3 - ORDER

Petitioner filed this "Appeal of Prison Disciplinary Hearing Results" pursuant to 28 U.S.C. § 2241 alleging there was "zero evidence to show that petitioner attempted to pull away from the officer, despite the fact that the assault by the officer occurred in plain view of several cameras. Petition (#1) p. 3.

Petitioner argues "(t)he applicable legal standard is that the BOP must show a preponderance of the evidence, or a greater weight of the evidence that petitioner committed the prohibited act," and that the "Government made no such showing." Petitioner also argues that he has "provided documentation that his sacred Jewish religious property was lost." Petitioner's Reply (#18) p. 2-3.[2]

Petitioner does not argue any specific due process violation in connection with his disciplinary hearing,[3] and the record reflects that he was afforded the disciplinary due

---

reduced to Disruptive Conduct (Moderate) which is comparable to Refusing to Accept a Program Assignment, in violation of Code 399. See, Exhibit 1, Declaration of Daniel Cortez, p. 9.

[2]Whether or not petitioner's religious property was lost or discarded is immaterial to the issues before the court.

[3]Petitioner does allege that he was not given a report of the Disciplinary Hearing and "(b)ecause of the denial of due process, the administrative remedy process has been rendered moot and futile." Petition (#1) p. 3. Petitioner did not file any administrative remedies regarding the matters alleged in this proceeding. Exhibit 1 (Declaration of Daniel Cortez) p.4. However, respondent has not asserted an exhaustion of administrative remedies defense.

4 - ORDER

process rights set forth in Wolff v. McDonnell, 418 U.S. 539, 563-72 (1984). The crux of petitioner's argument is that there was insufficient evidence to find that he had committed the prohibited act.

The Supreme Court addressed the issue of the quantum of evidence required to support a finding of inmate misconduct by a disciplinary hearings officer in Superintendent v. Hill, 472 U.S. 445, 454 (1985) holding that findings that result in the loss of liberty, such as a loss of good time credits, will satisfy due process if there is "some evidence in the record" that supports the decision of a prison disciplinary board.

The BOP's regulation governing inmate disciplinary hearings conform to this standard. See, 28 C.F.R. § 541.17. Under the regulations, when there is conflicting evidence, a DHO's findings must be based on "the greater weight of the evidence." Id, at § 541.17(f).

In this case, the reports of the correctional officers involved in the incident comply with the BOP regulation requirement that the DHO decision be based on the "greater weight of the evidence" which is a higher standard than the "some evidence" standard that the Constitution imposes on prison disciplinary hearings. See, Exhibit 1, Attachment 5, p. 5 and 9.

Petitioner alleges that "there were several cameras

5 - ORDER

trained on Petitioner and not one captured this alleged 'pulling away' by Petitioner." Petitioner's Reply (#18) p. 2. However, petitioner's contention in this regard is not supported by any evidence in the record.

Although petitioner alleges "substantial procedural violations," Petition (#1), p. 4, he has not specifically identified any such violations.

In response to the charge against him petitioner raised an issue regarding his mental health at the time of the incident. Specifically, he stated that the psychology department at FCC Terre Haute had determined that he was not responsible for his actions during the period of the cited incident. Exhibit 1, Attachment 5 at p. 3. Petitioner requested three witnesses to testify to his psychological state: an inmate and two FCC Terre Haute staff members, none of which were members of the psychology staff. Id. at 2. Although inmates are provided some opportunity to call witnesses on their behalf, that opportunity is limited and prison staff are to balance the inmates interest against the institutional interests and goals in deciding whether the requested witnesses will be permitted. Wolff, 418 U.S. at 566. The "DHO shall call those witnesses who have information directly relevant to the charge(s) and who are reasonably available." 28 C.F.R. § 541.17(c).

6 - ORDER

DHO Cortez considered petitioner's request for the three witnesses to be made from the other institution to testify as to petitioner's psychological state. Exhibit 1, Attachment 5, at p. 2. DHO Cortez contacted Psychological Services Staff at FCC Terre Haute to aid his consideration. Dr. Rupska, a psychologist familiar with petitioner's mental condition at the time of the cited incident, responded by informing DHO Cortez that "[t]his inmate is fully competent and should be held responsible for his actions on October 30, 2008. He is very manipulative and will attempt to avoid personal responsibility for his actions. No mental health issues impacted his functioning or decision making on that specific date. Id. at p. 10.

DHO's decision not to call the requested witnesses under these circumstances was reasonable and did not violate petitioner's due process rights. Moreover, petitioner did challenged the DHO's decision not to call the requested witnesses or raised an issue concerning the denial of his request in this proceeding.

Petitioner requested a staff representative to assist him at the DHO hearing. The staff member requested was unavailable and petitioner was informed that he had the option to postpone the hearing until his requested staff representative was available, to proceed with a differennt

7 - ORDER

staff representative, or to proceed without representation. Petitioner opted to continue the hearing without representation. Petitioner has not raised a claim regarding representation and there is no indication in the record that he was incapable of proceeding without representation. See, Wolff, supra, 418 U.S. 570-71.

The record reflects that petitioner was not given a copy of the DHO report within 10 days of the hearing as set forth in Program Statement 5270.07. However, petitioner was advised during the hearing that there would be a delay in the completion of the report and the delay in receiving the report did not affect petitioner's appeal rights. Exhibit 1, Declaration of Daniel Cortez p. 9. In addition, the fact that the UDC hearing was not held within 3 days of the time staff became aware of the incident was due to petitioner's transfer from USP Terre Haute to FCI Sheridan and the delay did not affect petitioner's due process rights. Id. p. 10.

The essence of petitioner's argument is that there was "a complete lack of evidence" to support the DHO decision and sanction. As set forth above there was "some evidence" to support the decision. That is all that is required under Superintendent v. Hill. DHO Cortez applied appropriate BOP regulation, 28 C.F.R. § 541.17 and found based on the "greater weight of the evidence" that petitioner had committed the

8 - ORDER

prohibited act of code 399, most like code 306" "Conduct which disrupts, most like Refusing to Accept a Program Assignment." Exhibit 1, Attachment 5 at p. 4 and p. 10.

    Petitioner's "Appeal" (Petition) (#1) is denied. This proceeding is dismissed.

    IT IS SO ORDERED

    DATED this __8__ day of October, 2009.

                                  /s/ Ann Aiken
                                  Ann Aiken
                                  United States District Judge